UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | | |
|---|---|---|
| MELODY GIRARD | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5-00CV0428-C |
| | § | |
| BRINKER INTERNATIONAL, INC. and | § | |
| BRINKER RESTAURANT CORP. d/b/a | § | |
| CHILI'S GRILL & BAR | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MELODY GIRARD, Plaintiff, complaining of BRINKER INTERNATIONAL, INC. and BRINKER RESTAURANT CORP. d/b/a CHILI'S GRILL & BAR, Defendant, and for cause of action would show the Court as follows:

PARTIES:

1. Plaintiff is a citizen of the United States of America and is a resident of Lubbock County, Texas.

2. Defendant, BRINKER INTERNATIONAL, INC.("Brinker Inc.") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located and operating in Dallas, Dallas County, Texas. Service on said Defendant may be effectuated by service of process upon its registered agent for service, Prentice Hall Corporate System, at 800 Brazos, Austin, Texas 78701.

3. Defendant, BRINKER RESTAURANT CORP. d/b/a CHILI'S GRILL & BAR ("Chili's"), is a subsidiary corporation of Brinker Inc. and is organized and existing under the laws of the State of Texas with its principal place of business located and operating in Dallas, Dallas

County, Texas. Service on said Defendant may be effectuated by service of process upon its registered agent for service, Prentice Hall Corporate System, at 800 Brazos, Austin, Texas 78701.

JURISDICTION

4. This Court has jurisdiction of this cause pursuant to 42 U.S.C. 2000e et seq. and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

FACTS

5. The conduct of Defendants, as described herein, violated the civil rights statutes of the United States and the State of Texas. More specifically, Defendants' conduct, constituted employment discrimination in the form of sexual harassment, which is a violation of 42 U.S.C. 2000e et seq. and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6. From June 1998 through December 1999, Plaintiff worked as an employee of Defendants at the Chili's in Grand Prairie, Texas and at the Chili's in Lubbock, Texas.

7. As a female employee of Defendants, Plaintiff belongs to a group of individuals protected by federal and state law from sexual harassment as a form of unlawful employment discrimination.

8. From August 1999 through December 1999, Plaintiff suffered repeated deprivations of her rights secured to her by the United States Constitution and the Civil Rights statutes of the United States and the State of Texas.

9. From August 1999 through December 1999, during Plaintiff's employment at the Chili's located in Lubbock, Plaintiff was subjected to unwanted and repeated sexual advances and

comments by Chili's employees, including Chili's male employees and male management personnel. The sexual advances and comments included sexually-oriented gestures, remarks and comments made in Plaintiff's presence and directed at her sexuality and sexual experience.

10. As Plaintiff's employment continued, the unwanted sexual advances and comments escalated to actual assaults of a sexual nature. Plaintiff was touched, pinched, patted, grabbed and brushed up against, among other things, by male employees in her workplace at Chili's.

11. Defendants' conduct was performed and witnessed by co-workers, as well as by management in their official capacity as Plaintiff's supervisors.

12. The sexual harassment that Plaintiff was subjected to was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create an abusive and hostile working environment which escalated to a degree that made it impossible for her to continue her employment with Defendants.

13. Defendants had constructive and actual knowledge of the harassing conduct, of its employees and of management, at the Lubbock location. Defendants had such knowledge of the harassment because it was reported to them by Plaintiff, as well as by a member of management at the Grand Prairie location who Plaintiff informed of the ongoing harassment at the Lubbock location.

14. Plaintiff followed appropriate procedures for reporting sexual harassment. Plaintiff reported the conduct to management at the Lubbock location, as well as to management at the Grand Prairie location where she was employed and had worked previous and subsequent to the harassment at the Lubbock location.

PLAINTIFF'S ORIGINAL COMPLAINT
PAGE 3

15. Defendants failed to remedy the sexually hostile work environment and, in fact, contributed to and encouraged such an environment through the actions of their Lubbock location management.

16. At all times relevant to this action, the members of management were acting in their capacities as Plaintiff's supervisors and failed take appropriate action against the harassing conduct of Defendants, which they had knowledge of, and which they participated in.

## DAMAGES

17. As a result of the conduct of Defendants and their employees, agents and representatives, Plaintiff suffered employment discrimination by way of sexual harassment.

18. The conduct of Defendants and their employees, agents and representatives created a hostile work environment and led to the constructive discharge of Plaintiff's employment at the Lubbock location.

19. Additionally, as a result of Defendants' conduct, Plaintiff suffered extreme humiliation, indignities and mental anguish, for which claim is hereby made.

20. The acts of Defendants were willful, malicious and in wanton disregard of the rights and feelings of Plaintiff and, by reason thereof, Plaintiff seeks exemplary or punitive damages against Defendants.

21. As a result of Defendants' conduct, Plaintiff lost her job, suffered a loss of wages, and a loss of other benefits of her employment. Plaintiff is entitled to recover from Defendants the value of the lost wages and benefits, as well as prejudgment interest and other equitable relief as the court deems appropriate, for which claim is hereby made.

22. Plaintiff is also entitled to recover from Defendants, reasonable attorneys fees and other

litigation expenses and costs, for which claim is hereby made.

WHEREFORE, Plaintiff requests that Defendants be served with and answer the claims asserted herein and that, upon final trial, Plaintiff be awarded the damages set forth herein, together with prejudgment and postjudgment interest as allowed by law.

    Respectfully submitted,

    JOHNSTON & MILLER
    Metro Tower, Suite 1812
    1220 Broadway
    Lubbock, Texas 79401
    Phone: (806) 762-6604
    Fax:   (806) 762-6901

    ATTORNEYS FOR PLAINTIFF

By: _____
    J. Craig Johnston
    State Bar No. 00787784