IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 1 0 2002

CLERK, U.S. DISTRICT COURT
By _____
Deputy

MELODY GIRARD,                     )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )
BRINKER INTERNATIONAL              )
PAYROLL CORPORATION,               )
                                   )    Civil Action No.
            Defendant.             )    5:00-CV-428-C

## COURT'S CHARGE TO THE JURY
## AND JURY VERDICT

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the

instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to

the facts as you find them from the evidence in the case. You are not to single out one

instruction alone as stating the law but must consider the instructions as a whole. Neither are you

to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be

a violation of your sworn duty to base a verdict upon any view of the law other than that given in

the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of

the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as

to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy

46

or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as is a private individual.  The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a

smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The burden is on a party in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them. If the proof should fail to establish any essential element of a party's claim by a preponderance of the evidence, the jury should find for the opposing party as to that claim.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time he said or did something, or failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

After I have completed reading this Charge to you and have reviewed the verdict form, instructions, and jury questions, counsel will have the opportunity to make their closing arguments.

Your verdict must represent a considered judgment of each juror.  In order to return a verdict, it is necessary that all members of the jury agree thereto.  You may not therefore enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your presiding officer who will preside over your deliberations and will be your spokesman here in Court.  A verdict form has been prepared for your convenience.  Your presiding officer will sign in the space provided below after you have reached your verdict.

If, during your deliberations, you wish to communicate with the Court, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer.

After you have reached your verdict, you will return this charge together with your written answers to the questions that I will submit to you.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Date: January 10, 2002

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

Plaintiff asserts a claim against Defendant for violation of Title VII of the Civil Rights Act of 1964, as amended.  Specifically, Plaintiff claims that she was subjected to harassment because of her sex and that this harassment created a hostile and sexually abusive working environment.  Defendant denies these claims.

Federal law prohibits an employer from intentionally discriminating against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's sex.

Title 42, United States Code, section 2000e-2(m) provides that:

[A]n unlawful employment practice is established when the complaining party

demonstrates that sex was a motivating factor for any employment practice, even though

other factors also motivated the practice.

You are instructed that not only must Plaintiff subjectively perceive that her work environment was hostile and abusive, but a hostile work environment claim requires the presence of a work environment that a reasonable person would find hostile or abusive.  Whether an environment was hostile or abusive depends on the totality of the circumstances, focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct was physically threatening or humiliating, and the degree to which the conduct unreasonably interfered with Plaintiff's work performance.  Therefore, you must evaluate the totality of the circumstances and determine whether the allegedly harassing behavior could objectively be classified as the kind of behavior that would be offensive to a reasonable person.

For Plaintiff to prevail on a hostile work environment claim, Plaintiff must prove:

(1)   that Plaintiff was a member of a protected class;

(2)   that Plaintiff was subjected to unwelcome sexual harassment;

(3)   that the harassment was based on Plaintiff's sex;

(4)   that the harassment affected a term, condition, or privilege of Plaintiff's employment; and

(5)   that Defendant knew or should have known of the harassment and failed to take prompt remedial action.

For Plaintiff to prevail on a hostile work environment claim against a coworker, Plaintiff must prove elements 1-5 by a preponderance of the evidence.  For Plaintiff to prevail on a hostile work environment claim against a supervisor with immediate (or successively higher) authority over Plaintiff, Plaintiff need satisfy only elements 1-4 by a preponderance of the evidence.

//

With regard to the first element, you are instructed that Plaintiff, a female, is an individual belonging to a protected class under federal employment law.

With regard to the second element, you are instructed that when determining whether the alleged harassment was "unwelcome," you must consider the totality of the circumstances in which the alleged harassment occurred.

With regard to the third element, you are instructed that harassment based on sex means that "but for" the fact of Plaintiff's sex, Plaintiff would not have been the object of harassment.

With regard to the fourth element, you are instructed that the alleged harassment affects a term, condition, or privilege of employment when it results in discriminatory intimidation, ridicule, and insults which are sufficiently severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment.

(a)  With regard to the fifth element, Plaintiff can demonstrate Defendant's constructive or implied notice of a coworker's acts of sexual harassment by showing the pervasiveness of the harassment in the workplace, which gives rise to the inference of knowledge or constructive knowledge.  If you find that Defendant discovered that coworker harassment may have occurred, Defendant's remedial action must have included the appropriate corrective action; that is, Defendant must have done whatever was reasonably calculated to end the coworker harassment and prevent the misconduct from recurring.  To avoid further harm, Plaintiff needed to reasonably take advantage of the corrective opportunities provided by Defendant.  But if you find objectively obvious that Defendant had no real intention of stopping the coworker(s)' harassment, Plaintiff was not obliged to go through the wasted motion of reporting the harassment.

(b)  With regard to the fifth element, you are instructed that Defendant is subject to liability for an actionable hostile environment created by Defendant's supervisor(s) with immediate (or successively higher) authority over Plaintiff irrespective of Defendant's actual knowledge of the conduct of the supervisor(s).  But, if you find that Defendant took no adverse "tangible employment action" against Plaintiff, Defendant may avoid liability by proving

(1)     that Defendant exercised reasonable care to prevent and promptly correct the supervisor's sexually harassing behavior; and

(2)     that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

"Tangible employment action" includes any significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

"Mental anguish" implies a relatively high degree of mental pain and distress.  Mental anguish is more than mere disappointment, anger, resentment, or embarrassment, although it may include all of these.  Mental anguish includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, and public humiliation.

To prove "constructive discharge," Plaintiff must show that Defendant made Plaintiff's work environment so intolerable that a reasonable person in Plaintiff's shoes would have felt compelled to resign.  To be actionable, Plaintiff must demonstrate a greater severity or pervasiveness of harassment than that required to prove a hostile work environment claim.

If you find that Plaintiff has established each of these elements by a preponderance of the evidence, then you must return a verdict in favor of the Plaintiff. If, on the other hand, you find that Plaintiff has failed to establish any one or more of these elements, then you must find for Defendant.

Defendant may not be held liable for the discriminatory decisions of its managerial agents where these decisions are contrary to the employer's good faith efforts to comply with Title VII. A "managerial agent" or "manager" is one who has the authority to hire employees, terminate employees, discipline employees, promote employees, or otherwise exercise independent judgment and discretion over a certain area of business, including the authority to take adequate steps to deal effectively with the actions or conduct of employees.

If you find that Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of the damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole–that is, to compensate Plaintiff for damages suffered.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant's allegedly wrongful conduct. "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries but only for those injuries which Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Damages must be reasonable. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find that appropriate from the facts and circumstances in evidence.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate–that is, to avoid or minimize those damages.

If you find that Defendant is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which Plaintiff could have avoided through reasonable effort.  If you find by a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny Plaintiff recovery for those damages which Plaintiff would have avoided had Plaintiff taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing her damages.  Plaintiff may not sit idly by when presented with an opportunity to reduce her damages.  However, Plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating damages.  Defendant has the burden of proving those damages which Plaintiff could have mitigated.  In deciding whether to reduce Plaintiff's damages because of a failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

Plaintiff also seeks to recover punitive damages based on her claims against Defendant. "Punitive damages" are damages which are assessed against a party in an amount that you may, in your discretion, award as a penalty or by way of punishment.

The purpose of an award of punitive damages is to punish Defendant for misconduct and to warn others against doing the same. If you determine that Defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages which all jurors agree is proper.

To recover punitive damages against Defendant for discrimination in violation of Title VII, Plaintiff must prove that Defendant engaged in discriminatory conduct with malice or reckless indifference to Plaintiff's federally protected rights. The terms "malice" or "reckless indifference" pertain to Defendant's knowledge that its actions were likely to violate Plaintiff's federally protected rights, not Defendant's awareness that it was engaging in discrimination. To be liable for punitive damages, Defendant must at least have discriminated in the face of a perceived risk that its actions violated federal law.

If Plaintiff has proved her claim, you must determine the damages to which Plaintiff is entitled.  You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that a party should, or should not, win this case.  I am instructing you on damages only so that you will have guidance in the event that you decide one party is entitled to recover money from the other party.

## QUESTION NO. 1

Did Plaintiff's coworker(s) subject Plaintiff to a hostile work environment based on Plaintiff's sex?

Answer "Yes" or "No"

Answer: _Yes_

## QUESTION NO. *2*

Did Plaintiff's supervisor subject Plaintiff to a hostile work environment based on
Plaintiff's sex?

Answer "Yes" or "No"

Answer: _____Yes_____

If you answered "YES" to Question _____*2*_____, then answer the following question.

Otherwise, do not answer the following question.

## QUESTION NO. *3*

Did Defendant make a good faith effort to prevent or promptly correct sexual harassment of Plaintiff in Plaintiff's workplace?

Answer "Yes" or "No"

Answer: ___ N O _____

If you answered "YES" to Question _____2_____, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 4

Did Plaintiff unreasonably fail to take advantage of any preventive or corrective opportunities offered by Defendant or to avoid harm otherwise?

Answer "Yes" or "No"

Answer: _____Yes_____

## QUESTION NO. *5*

Was Plaintiff constructively discharged from Defendant's employment?

Answer "Yes" or "No"

Answer: _____ N O _____

If you answered "YES" to Question _1, 2, n5_, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. _6_

What sum of money, if any, if paid now in cash, would be the reasonable damages suffered by Plaintiff?

In answering this question you may consider only the elements of damages listed below.

You are to consider each element of damages separately; do not include damages for one element in any other element.

Answer in dollars and cents, if any, or "None" for each of the following elements:

Lost wages and employment benefits

      Answer: $ _600 00_

Mental anguish

      Answer: $ _-0-_

If you answered "YES" to Question 1, 2, or 5, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 7

Did Defendant discriminate against Plaintiff with malice or reckless indifference in the face of a known risk that its actions could be in violation of Plaintiff's federally protected rights?

Answer "Yes" or "No"

Answer: Yes

If you answered "YES" to Question ___7___, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. __8__

What sum of money, if any, if paid now in cash, should be assessed against Defendant and awarded to Plaintiff as punitive damages?

Punitive damages means an amount that you may in your discretion award as a penalty or by way of punishment.  Factors to consider in awarding punitive damages, if any, are:

(1)     the nature of the wrong

(2)     the character of the conduct involved

(3)     the degree of culpability of Defendant

(4)     the situation and sensibility of the parties concerned

(5)     the extent to which such conduct offends the public's sense of justice and propriety

~~(6)     the net worth of Defendant~~   SRC

Answer in dollars and cents, if any, or "None"

Answer: $____1,000.00____

Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and

herewith return same into court as our verdict.

_Denny Sanders_
Presiding Officer of the Jury